J-S51026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES LEROY THOMAS | : | |
| | : | |
| Appellant | : | No. 2106 MDA 2019 |

Appeal from the PCRA Order Entered December 11, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0002044-2013

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:      **FILED: JANUARY 4, 2021**

James Leroy Thomas appeals the denial of his request for relief under the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. The PCRA court denied Thomas's petition after determining that it was untimely. We affirm.

In August 2014, Thomas entered a negotiated guilty plea to Incest of a Minor.[1] The trial court sentenced Thomas pursuant to the plea agreement to 10 to 20 years' incarceration. **See** Sentencing Order, filed 08/07/14. Thomas did not oppose the motion to declare him a sexually violent predator ("SVP"), and the court found him to be an SVP. **See** Order of Court, filed 8/11/14. Thomas did not file a post-sentence motion or a direct appeal.

---

[1] 18 Pa.C.S.A. § 4302(b)(2).

Thomas filed his first PCRA petition in October 2017, which the PCRA court denied following counsel's ***Turner/Finley***[2] letter. This Court affirmed. ***See Commonwealth v. Thomas***, No. 278 MDA 2018, 2018 WL 4519830 (Pa.Super. 2018) (unpublished memorandum).

Approximately five years after sentencing, on November 15, 2019, Thomas filed the subject *pro se* petition, a Motion to Modify Illegality of Sentence. He claimed his sentence was illegal and that counsel had been ineffective. Thomas asserted that courts can correct an illegal sentence at any time, and that neither "the Commonwealth nor the Court can proclaim the Court lacks jurisdiction to rule upon [the Motion] because the matter is untimely." Motion to Modify Illegality of Sentence, filed 11/15/19, at 3 (unpaginated). However, he did not attempt to raise any exception to the PCRA's time-bar.

The PCRA court treated the motion as a PCRA petition and filed a notice of its intent to dismiss the petition as untimely. ***See*** Order of Court, filed 11/20/19. Thomas filed a response claiming that his Motion was not a PCRA petition but a petition for a writ of error, and therefore not subject to the PCRA's time-bar. The PCRA court ultimately denied the petition as untimely. ***See*** Order of Court, filed 12/11/19. This timely appeal followed.

Thomas raises the following issues:

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

1. Did the lower court err when it treated the Motion to Modify Illegality of Sentence as a PCRA, when an illegal sentence is always subject to correction by the honorable courts?

2. Did the lower court err by misapplying the statute(s) to [Thomas], when the statute in question was not in effect at the time of the offense?

3. Did the lower court violate the Sentencing Guidelines, by applying a sentence that is twice the allowable sentence under 18 Pa. C.S. § 1103, relating to a Felony of the 2nd Degree?

4. Did the lower court err in misapplying 42 Pa. C.S. § 9718.2, to [Thomas], which was not in effect at the time of the prior offense, that the court used to misinform [Thomas] of an alleged, mandatory sentence, when none existed?

5. Did the lower court err when it applied 42 Pa. C.S. § 9799.14, to [Thomas], when it was not in effect at the time of the underlying offense?

6. Did the lower court err when it failed to order [Thomas] to file a § 1925(b) Concise Statement of Matters Complained on Appeal, prior to filing [its] § 1925(a) Opinion, thus effectively denying [Thomas] the procedure as applied under the Pa. R.A.P.?

7. Did the lower court err when it stated in [its] § 1925(a) Opinion that [Thomas] failed to raise the issues?

8. Did the lower court err when it suggests that [Thomas'] issue of ineffective assistance of counsel was moot?

9. Did the lower court err when it failed to address the legality of the plea agreement, that the court is a party to with the Commonwealth?

10. Did the lower court exceed [its] statutory authority when it sentenced [Thomas] to a term beyond the statutory limits, imposed by the legislature?

11. Did the lower court err by using the application of law(s) in violation of the Ex Post Facto Clauses of the Constitution of the Commonwealth of Pennsylvania and the United States Constitution?

12. Did the lower court err by violating Due Process when it failed to review the Motion in accordance with Constitutional Law(s)?

13. Did the lower court err by violating the Double Jeopardy Clauses of the Constitutions?

14. Did the lower court err by causing Manifest Injustice / Manifest Error and Plain Error in [its] application of Law(s) and/or Statute(s)?

Thomas's Br. at 5-6 (suggested answers and unnecessary capitalization omitted).

"Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

We do not reach Thomas's issues on appeal because we agree that his petition was untimely. We must address timeliness before turning to any substantive issues because timeliness is a jurisdictional prerequisite. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014). A timely PCRA petition is one filed within one year of the petitioner's judgment of sentence becoming final. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). If a petitioner files a PCRA petition beyond the one year time-bar, the petitioner must plead and prove at least one of the

three time-bar exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008).

Thomas's judgment of sentence became final on September 10, 2014, when his time to file a direct appeal expired. **See Commonwealth v. Schrader**, 141 A.3d 558, 561 (Pa.Super. 2016); Pa.R.A.P. 903(a). Therefore, Thomas had until September 10, 2015 to file a timely PCRA petition, making the instant petition filed in November 2019 patently untimely. As such, Thomas bore the burden of pleading and proving at least one of the time-bar exceptions.

Thomas did not carry his burden of pleading a time-bar exception. Thomas did not attempt to raise one of the exceptions before the PCRA court, and even on appeal, he fails to address the time-bar exceptions. Additionally, Thomas's claim that the PCRA court erred in treating his motion as a PCRA petition lacks merit. A motion raising claims cognizable under the PCRA, filed after the appellant's judgment of sentence becomes final, must be treated as a PCRA petition. **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013). Furthermore, Thomas's underlying claims that his sentence is illegal and that counsel was ineffective do not constitute exceptions to the PCRA's time-bar. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (concluding that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA time limits or one of the exceptions thereto"). We therefore find no error by the PCRA court in denying his petition as untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/04/2021